UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| V. ) | CIVIL NO. SA-21-CV-00066 |
| ) | |
| $63,760.00, MORE OR LESS, IN UNITED ) | |
| STATES CURRENCY, ) | |
| ) | |
| Respondent. ) | |

## VERIFIED COMPLAINT FOR FORFEITURE

Comes now Petitioner United States of America, by and through the United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney, pursuant to Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Fed. R. Civ. P., and respectfully states as follows:

### I.
### NATURE OF THIS ACTION

This action is brought by the United States of America seeking forfeiture to the United States of the following property:

**$63,760.00, More or Less, in United States Currency**,

hereinafter the "Respondent Currency."

### II.
### JURISDICTION AND VENUE

This Court has jurisdiction over an action commenced by the United States under Title 28 U.S.C. § 1345 and Title 28 U.S.C. § 1355(a), jurisdiction over an action for forfeiture. This Court has *in rem* jurisdiction over the Respondent Currency under Title 28 U.S.C. §§ 1355(b) and 1395.

Venue is proper in this district pursuant to Title 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to the forfeiture occurred in this district, and pursuant to Title 28 U.S.C. §§ 1355(b)(1)(B) and 1395(b) because the Respondent Currency is found in this district.

### III.
### STATUTORY BASIS FOR FORFEITURE

This is a civil forfeiture action *in rem* brought against the Respondent Currency for violations of Title 21 U.S.C. §§ 801, *et. seq.* and subject to forfeiture to the United States of America pursuant to Title 21 U.S.C. § 881(a)(6), which states:

> **§ 881. Forfeitures**
> **(a)   Subject property**
> The following shall be subject to forfeiture to the United States and no property right shall exist in them:
>
> ***
>
> **(6)**  All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

### IV.
### FACTS IN SUPPORT OF VIOLATIONS

In July 2020, the Drug Enforcement Agency (DEA), San Antonio District Office, conducted an investigation utilizing a DEA Task Force Officer (TFO), who acted in an undercover capacity (UC) and posed as a drug seller named "Lonchon". The UC contacted a third party to broker a multi-kilogram cocaine sale in San Antonio, Texas, within the Western District of Texas. This third party telephonically introduced the UC to Juan Carlos Rodriguez-Campos (hereinafter referred to as Rodriguez-Campos). Rodriguez-Campos was suspected to be a broker for illegal narcotics sales.

2

On July 28, 2020, Rodriguez-Campos advised the third party that he had a buyer for three kilograms of cocaine for $75,000.00 in U.S. currency. The UC asked the third party for a photograph of the buy money with a note indicating the date. Later that day, the UC received a text message containing a photograph of U.S. currency in a pink Nike shoebox from the third party, with a note that read: "Lonchon 07-27-20". In return, Rodriguez-Campos asked for a photograph of the cocaine - the UC sent a text message containing a photograph of kilograms of cocaine to the third party, who sent it to Rodriguez-Campos.

After several phone conversations and text messages between the UC and Rodriguez-Campos, the parties agreed that the negotiated cocaine transaction was to take place at approximately 8:00 p.m. at the Lowe's Home Improvement store parking lot, 7901 Callaghan Road, San Antonio, Texas. DEA agents and TFOs established surveillance at this location.

Rodriguez-Campos told the UC that he was ready to go through with the purchase of the three kilograms of cocaine and that he would be driving a red Dodge Avenger. At approximately 8:30 pm, TFO Shearer and other DEA agents observed a red Dodge Avenger turn into the Lowe's Home Improvement parking lot and park in the southwest corner. Agents also observed a white Ford Raptor pickup truck park near the red Dodge Avenger, and that Rodriguez-Campos exited his vehicle and approached the white Ford Raptor. Agents then saw a red 2012 Audi A7 Sedan park near the white Ford Raptor and the red Dodge Avenger.

Agents observed three men conversing with each other at the rear of the white Ford Raptor. DEA Special Agent (SA) Moreno observed that one man wore a red shirt and black shorts, later identified as Jorge Luis Gonzalez-Terrazas (hereinafter referred to as Gonzalez-Terrazas), one wore a gray shirt and blue jeans, later identified as Jose Ricardo Gutierrez-Olvera, (hereinafter referred to as Gutierrez-Olvera), and the third wore a black shirt, later identified as Rodriguez-

3

Campos. Minutes later, Rodriguez-Campos told the UC that he and his friends were at the Lowe's, ready to purchase the cocaine. The UC directed Rodriguez-Campos to follow his "cousin" (UC#2, Bexar County Sheriff's Office (BCSO) Deputy Alcaraz) in just one vehicle to a secondary location.

SA Moreno observed UC #2 approach in a white Pontiac and address the three men. Thereafter, SA Moreno observed all three men get into the red 2012 Audi A7 Sedan and follow UC #2 out of the Lowe's Home Improvement parking lot and onto Loop 410 access road. Moving surveillance followed the red 2012 Audi A7 Sedan onto Loop 410 westbound until a BCSO Deputy conducted a traffic stop at 5511 Northwest Loop 410, after observing the driver change lanes without signaling.

BCSO deputies identified all occupants of the red 2012 Audi A7 Sedan: the driver was Marcus Phillip Payton (hereinafter referred to as Payton), and the passengers were Gonzalez-Terrazas, Rodriguez-Campos, and Gutierrez-Olvera.

Payton gave BCSO Deputy Gereb verbal consent to search the red 2012 Audi A7 Sedan. In the trunk, BCSO Deputy Gereb located a pink Nike shoebox containing an undetermined amount of U.S. currency. Also found within the pink Nike shoebox was a piece of paper with the word "Lonchon" handwritten on it as well as the date of "07-27-2020". The pink Nike shoebox containing U.S. currency appeared to be what was depicted in the photograph sent in the text between the parties earlier the same day.

TFOs Diaz and Shearer approached Payton at the traffic stop, and TFO Diaz read Payton his Miranda warnings. Payton stated that he understood his rights and wanted to answer questions. Payton stated that he lost his identification, but provided a photograph on his cellular telephone of his Wisconsin driver's license and social security card. Payton stated that the red 2012 Audi A7

Sedan was his mother's vehicle. Payton stated that he was recently released from federal prison following a heroin conviction and was on supervised release. Payton stated that he did not have any travel restrictions from his supervised release, and was in San Antonio to purchase vehicles, likely a Ford Raptor and a Chevrolet Tahoe, from "the guy in the red shirt" identified as Gonzalez-Terrazas, one of three passengers in the 2012 Audi A7 Sedan that Payton was driving. Payton stated that he knew "Ricardo", the individual in the gray shirt identified as Gutierrez-Olvera, also a passenger in the red 2012 Audi A7 Sedan, and Gutierrez-Olvera knew the guy in the red shirt, (Gonzalez-Terrazas). When asked how he was going to get two trucks and the red 2012 Audi A7 Sedan home, Payton stated that he would drive one and leave the 2012 Audi A7 Sedan in Ft Worth, Texas. When asked about the currency located in the shoebox inside the 2012 Audi A7 Sedan's trunk, Payton stated that while the cash was in his possession, it belonged to his cousin. When asked for his cousin's name, Payton replied that he didn't know his cousin's name. Payton provided no other information about his cousin. The interview was terminated shortly thereafter.

No K-9 was utilized and no drugs were located in the 2012 Audi A7 Sedan. Payton, Gonzalez-Terrazas, and Gutierrez-Olvera were released pending further investigation. Rodriguez-Campos was arrested on an outstanding arrest warrant.

TFOs Diaz and Shearer took custody of the shoebox and transported it to the DEA office for processing and safekeeping. The amount of currency contained in the shoebox was determined to total $63,760.00.  None of the other three men (Gonzalez-Terrazas, Rodriguez-Campos, and Gutierrez-Olvera) claimed ownership of the currency contained in the shoebox.

A search of relevant databases found no employment for Payton and further indicated no recorded wages for Payton.

A search of law enforcement records and databases found that Payton has the following

criminal history: a 2004 conviction for Robbery with Threat of Force (Felony), a 2007 conviction for Battery to Law Enforcement Officers (Felony), and a 2008 conviction for Possession of THC (Misdemeanor), all out of Rock County Circuit Court, Wisconsin. In addition, Payton has a federal conviction in the year 2015 from the Western District of Wisconsin for Distribution of Heroin, and was sentenced to 84 months, Federal Bureau of Prisons, followed by a three year term of Supervised Release.

Therefore, the facts reasonably establish that the Respondent Currency represents money furnished or intended to be furnished in exchange for a controlled substance, and/or that the Respondent Currency represents proceeds from Payton's illegal narcotics activity, and/or money used or intended to be used to facilitate Payton's illegal narcotics activity, all in violation of Title 21 U.S.C. §§ 801, *et. seq*.   The Respondent Currency is thus subject to civil forfeiture pursuant to Title 21 U.S.C. § 881(a)(6).

## V.
## PRAYER

WHEREFORE, Petitioner, United States of America, prays that due process issue to enforce the forfeiture of the Respondent Currency, that due notice pursuant to Rule G(4) be given to all interested parties to appear and show cause why forfeiture should not be decreed,[1] and in accordance with Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Fed. R. Civ. P., that the Respondent Currency be forfeited to the United States of America, that the currency be disposed of in accordance with the law and for any such further relief as this Honorable Court deems just and proper.

---

[1] Appendix A, which is being filed along with this complaint, will be sent to those known to the United States to have an interest in the Respondent Currency.

Respectfully submitted,

GREGG N. SOFER
United States Attorney

By: *Mary Nelda G. Valadez*
MARY NELDA G. VALADEZ
Assistant United States Attorney
Chief, Asset Forfeiture Section
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
Tel: (210) 384-7040
Fax: (210) 384-7045
Email: mary.nelda.valadez@usdoj.gov
Texas Bar No. 20421844

Attorneys for the United States of America

## VERIFICATION

Task Force Officer David Shearer, declares and says that:

1. I am a Task Force Officer with the Drug Enforcement Administration, assigned to the San Antonio District Office, and am the investigator responsible for the accuracy of the information provided in this litigation; and

2. I have read the above Verified Complaint for Forfeiture and know the contents thereof; that the information contained in the Verified Complaint for Forfeiture has been furnished by official government sources; and based on information and belief, the allegations contained in the Verified Complaint for Forfeiture are true.

Pursuant to Title 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this the 27th day of January, 2021.

David Shearer, Task Force Officer
Drug Enforcement Administration
San Antonio District Office